UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 3:14-cv-1548-RL-JEM |
| v. | ) | |
| | ) | |
| ORTHOPEDIC AND SPORTS MEDICINE | ) | |
| CENTER OF NORTHERN INDIANA, INC.; | ) | |
| et al., | ) | |

# WESTFIELD'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Westfield Insurance Company ("Westfield"), by counsel, pursuant to Fed.R.Civ.P. 56, respectfully requests that the Court enter summary judgment in its favor and against all Defendants to this action. In support thereon, Westfield states:

**1.** Defendant, ASC Surgical Ventures, LLC d/b/a OSMC Outpatient Surgery Center ("ASC"), purchased preservative-free methylpredsinolone compounded by the New England Compounding Center ("NECC").

**2.** Physicians (the "PHYSICIANS") of Orthopedic and Sports Medicine Center of Northern Indiana, Inc. ("OSMC"), administered the NECC methylpredsinolone by injection to several patients.

**3.** The methylpredsinolone was contaminated with fungus, and caused personal injury or death in many of the patients who received the injections.

**4.** Over one hundred fifty (150) of OSMC's/ASC's/PHYSICIANS' patients, parents of patients, spouses of patients, personal representatives of patients and powers of attorney for patients (the "CLAIMANTS") filed 26 separate lawsuits against OSMC,

ASC and PHYSICIANS alleging personal injury or death as a result of being administered one or more NECC compounded drugs ordered, sold and administered by OSMC, ASC and/or PHYSICIANS (the "LAWSUITS").

**5.** Most of the CLAIMANTS also filed "Proposed Complaints" for medical malpractice against OSMC, ASC and PHYSICIANS with the Indiana Department of Insurance (the "MEDICAL MALPRACTICE COMPLAINTS").

**6.** OSMC, ASC and PHYSICIANS requested that Westfield defend and indemnify them against the LAWSUITS and MEDICAL MALPRACTICE COMPLAINTS under Westfield's Commercial Package Policy No. TRA 3 413 228, issued to, inter alia, OSMC and ASC as the named insured, with original effective dates of coverage of September 30, 2011 to September 30, 2012, and renewed thereafter for the periods of September 23, 2012 to September 30, 2013, and September 30, 2013 to September 30, 2014 (collectively the "POLICIES").

**7.** The POLICIES include, subject to their terms and conditions, the following coverages:

**(a)** Commercial General Liability ("CGL") Bodily Injury And Property Damage Liability ("BI/PD") coverage;

**(b)** CGL Personal And Advertising Injury ("PAI") coverage;

**(c)** Umbrella BI/PD coverage; and

**(d)** Umbrella PAI coverage.

**8.** There is no genuine dispute as to any material fact, and Westfield is entitled to judgment as a matter of law declaring that it has no duty under the POLICIES' CGL BI/PD coverage to defend and indemnify OSMC, ASC and PHYSICIANS against

the LAWSUITS and MEDICAL MALPRACTICE COMPLAINTS for the following reasons:

**(a)** There is no covered "occurrence";

**(b)** The MEDICAL MALPRACTICE COMPLAINTS do not qualify as a "suit";

**(c)** The LAWSUITS' request for punitive damages does not allege damages because of "bodily injury" or "property damage";

**(d)** It would be against Indiana public policy for OSMC, ASC and PHYSICIANS to insure themselves against the CLAIMANTS' punitive damage claims;

**(e)** The LAWSUITS' allegations of fraud/misrepresentation are subject to the "expected or intended injury" exclusion; and

**(f)** The LAWSUITS and MEDICAL MALPRACTICE COMPLAINTS are subject to the "Exclusion – Services Furnished by Health Care Providers".

**9.** There is no genuine dispute as to any material fact, and Westfield is entitled to judgment as a matter of law declaring that it has no duty under the POLICIES' CGL PAI coverage to defend and indemnify OSMC, ASC and PHYSICIANS against the LAWSUITS and MEDICAL MALPRACTICE COMPLAINTS for the following reasons:

**(a)** The LAWSUITS and MEDICAL MALPRACTICE COMPLAINTS do not allege a "personal and advertising injury" offense;

**(b)** The MEDICAL MALPRACTICE COMPLAINTS do not qualify as a "suit";

**(c)** The LAWSUITS' request for punitive damages does not allege damages because of "personal and advertising injury";

**(d)** It would be against Indiana public policy for OSMC, ASC and PHYSICIANS to insure themselves against the CLAIMANTS' punitive damage claims; and

**(e)** The LAWSUITS and MEDICAL MALPRACTICE COMPLAINTS are subject to the "Exclusion – Services Furnished by Health Care Providers".

**10.** There is no genuine dispute as to any material fact, and Westfield is entitled to judgment as a matter of law declaring that it has no duty under the POLICIES' Umbrella BI/PD coverage to defend and indemnify OSMC, ASC and PHYSICIANS against the LAWSUITS and MEDICAL MALPRACTICE COMPLAINTS for the following reasons:

**(a)** There is no covered "occurrence";

**(b)** The MEDICAL MALPRACTICE COMPLAINTS do not qualify as a "suit";

**(c)** The LAWSUITS' request for punitive damages does not allege damages because of "bodily injury" or "property damage";

**(d)** It would be against Indiana public policy for OSMC, ASC and PHYSICIANS to insure themselves against the CLAIMANTS' punitive damage claims;

**(e)** The LAWSUITS' allegations of fraud/misrepresentation are subject to the "expected or intended injury" exclusion; and

**(f)** The LAWSUITS and MEDICAL MALPRACTICE COMPLAINTS are subject to the "professional services" exclusion.

**11.** There is no genuine dispute as to any material fact, and Westfield is entitled to judgment as a matter of law declaring that it has no duty under the POLICIES' Umbrella PAI coverage to defend and indemnify OSMC, ASC and PHYSICIANS against the LAWSUITS and MEDICAL MALPRACTICE COMPLAINTS for the following reasons:

**(a)** The LAWSUITS and MEDICAL MALPRACTICE COMPLAINTS do not allege a "personal and advertising injury" offense;

**(b)** The MEDICAL MALPRACTICE COMPLAINTS do not qualify as a "suit";

**(c)** The LAWSUITS' request for punitive damages does not allege damages because of "personal and advertising injury";

**(d)** It would be against Indiana public policy for OSMC, ASC and PHYSICIANS to insure themselves against the CLAIMANTS' punitive damage claims; and

**(e)** The LAWSUITS and MEDICAL MALPRACTICE COMPLAINTS are subject to the "professional services" exclusion.

**12.** Westfield files contemporaneously herewith the following documents in support of its motion for summary judgment:

(a) "Affidavit of Michael Claypool";

(b) "Stipulation as to Authenticity of Certain Documents Attached as Exhibits to Westfield's 'First Amended Complaint for Declaratory Judgment'"; and

(c) "Westfield's Memorandum of Law in Support of Motion for Summary Judgment", including the Appendix with Exhibits 1 through 40.

WHEREFORE, Westfield respectfully requests that the Court enter summary judgment in its favor and against all Defendants to this action:

**A.** Declaring that Westfield has no duty under the POLICIES to defend OSMC, ASC and PHYSICIANS against the LAWSUITS and the MEDICAL MALPRACTICE COMPLAINTS;

**B.** Declaring that Westfield has no duty under the POLICIES to indemnify OSMC, ASC and PHYSICIANS against the LAWSUITS and the MEDICAL MALPRACTICE COMPLAINTS;

**C.** Costs; and

**D.** Such further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Mark R. Smith
MARK R. SMITH, 2115-49

SMITH FISHER MAAS HOWARD & LLOYD, P.C.
7209 North Shadeland Avenue
Indianapolis, Indiana 46250
Phone: (317) 578-1900
Facsimile: (317) 578-1330
E-Mail: msmith@smithfisher.com
*Attorneys for Plaintiff, Westfield Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2016, a copy of the foregoing "Westfield's Motion for Summary Judgment" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Douglas D. Small at dsmall@foleyandsmall.com

Edward W. Foley at efoley@foleyandsmall.com

Edward B. Mulligan, V at nmulligan@cohenandmalad.com

Gregory L. Laker at glaker@cohenandmalad.com

James A. Piatt at jpiatt@price-law.com

Jeffrey J. Stesiak at jstesiak@pilawyers.com

Joseph N. Williams at jwilliams@price-law.com

Lance D. Cline at lance@cfcl-law.com

Lyle R. Hardman at lhardman@hsk-law.com

Richard W. Morgan at rmorgan@pilawyers.com

Robert T. Dassow at rdassow@hovdelaw.com

William N. Riley at wriley@price-law.com

/s/ Mark R. Smith
MARK R. SMITH, #2115-49

Q:\WES-1038\SJ Motion – Westfield WES-1038.docx